ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| ANA MERCEDES NÚÑEZ LÓPEZ<br><br>Recurrida<br><br>v.<br><br>DENNIS TOSADO ALONSO<br><br>Peticionario | TA2025CE00251 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>F DI2025-0003<br><br>Sala: 303<br><br>Sobre: Divorcio - Consentimiento Mutuo |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de octubre de 2025.

Compareció el peticionario, el señor Dennis Tosado Alonso (en adelante, "peticionario" o "señor Tosado Alonso") mediante el recurso de *Certiorari* presentado el 5 de agosto de 2025. Nos solicitó la revisión de la *Resolución,* emitida el 7 de julio de 2025, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Carolina. Mediante esta, el Foro Primario le anotó la rebeldía al señor Tosado Alonso y ordenó el cumplimiento estricto con la pensión alimentaria adeudada.

Por los fundamentos que expondremos a continuación, se **expide** el auto solicitado y se **revoca** la *Resolución* recurrida.

**I**

Las partes se divorciaron, por consentimiento mutuo, mediante la *Sentencia* emitida el 29 de febrero de 2008, notificada el 3 de marzo de 2008.[1] En lo concerniente a la controversia que nos

---

[1] Apéndice del peticionario, Entrada Núm. 1.

ocupa, surge del referido dictamen que el señor Tosado Alonso acordó pagar una pensión pendente lite, a razón de doscientos dólares ($200.00) mensuales, a favor de la recurrida, la señora Ana Mercedes Núñez López (en adelante, "recurrida" o "señora Núñez López"). Pactaron que el señor Tosado Alonso estaría sujeto a dicha obligación hasta que se vendiera el primero de los dos (2) inmuebles pertenecientes a la Sociedad Legal de Bienes Gananciales.

Posteriormente, el 9 de enero de 2025, la señora Núñez López presentó una *Urgente Solicitud de Ejecución de Sentencia y Otros Remedios,* en el Tribunal de Primera Instancia, Sala Superior de Fajardo.[2] En su escrito, la recurrida señaló que el primer inmueble se vendió en junio del 2024. Sin embargo, alegó que, desde hace aproximadamente diez (10) años, luego de que esta comenzara a recibir el seguro social, el señor Tosado Alonso dejó de cumplir con la pensión acordada. Por lo cual, le solicitó al Foro Primario que ordenara al peticionario a satisfacer el pago ascendente a veinticuatro mil dólares ($24,000.00) por concepto de la mensualidad adeudada. Este mismo día la señora Núñez López presentó *Urgente Moción Asumiendo Representación Legal y Solicitud de Traslado de Caso,* mediante la cual peticionó que el caso se trasladara al Tribunal de Primera Instancia, Sala Superior de Carolina.[3]

Así las cosas, el 16 de enero de 2025, notificada el 21 enero de 2025, el Foro Primario ordenó al señor Tosado Alonso a presentar su posición respecto a la solicitud de ejecución de sentencia, en un término de veinte (20) días.[4] Luego, el 23 de enero de 2025, el Foro Primario notificó una *Orden,* mediante la cual declaró *Ha Lugar* al traslado.[5]

---

[2] *Íd.,* Entrada Núm. 3.
[3] *Íd.,* Entrada Núm. 4.
[4] *Íd.,* Entrada Núm. 5.
[5] *Íd.,* Entrada Núm. 6.

Posteriormente, el 7 de abril de 2025, el Tribunal de Primera Instancia emitió una *Orden*, mediante la cual señaló una vista presencial para el 7 de julio de 2025, y ordenó el cumplimiento estricto con lo acordado en la referida *Sentencia*, so pena de desacato.[6] El 7 de julio de 2025, el señor Tosado Alonso presentó una *Urgente Moción Asumiendo Representación Legal y sobre otros extremos*.[7] En la misma, indicó que, el pasado 3 de julio de 2025, contrató los servicios de su representación legal, quien arguyó que necesitaba examinar la prueba del señor Tosado Alonso para poder estar en posición de replicar a la solicitud de la señora Núñez López. Igualmente, señaló que, previo a la presentación de este escrito, había hecho intentos para llegar a un acuerdo transaccional con la señora Núñez López, pero que estos resultaron infructuosos. Además, solicitó la transferencia de la vista, ya que, por conflictos de calendario su representación legal no podría comparecer a la misma.

El mismo día, entiéndase el 7 de julio de 2025, el Foro Primario emitió una *Resolución*, mediante la cual pospuso la vista para el 23 de septiembre de 2025.[8] No obstante, tras razonar que habían transcurrido seis (6) meses sin que el señor Tosado Alonso fijara su posición respecto a la petición de ejecución de sentencia, el Tribunal de Primera Instancia le anotó la rebeldía. Además, ordenó al peticionario a satisfacer, en un término de tres (3) días, la suma de veinticuatro mil dólares ($24,000.00) por concepto de la referida pensión adeudada a la señora Núñez López.

Consecuentemente, el 9 de julio de 2025, el señor Tosado Alonso presentó una *Urgente Solicitud Se Deje Sin Efecto Orden*.[9] En esta, le solicitó al Foro Primario que reconsiderara su dictamen.

---

[6] *Íd.*, Entrada Núm. 7.
[7] *Íd.*, Entrada Núm. 8.
[8] *Íd.*, Entrada Núm. 2.
[9] *Íd.*, Entrada Núm. 10.

Alegó que había mensualidades reclamadas por la señora Núñez López que estaban prescritas. Por lo cual, sostuvo que la pensión adeudada debía ser calculada a partir del mes de junio del 2020, para una suma de ocho mil seiscientos dólares ($8,600.00). Además, el señor Tosado Alonso le peticionó al Foro de Instancia que le estableciera un plan de pago para cumplir con dicho pago.

Por su parte, el 11 de julio de 2025, la señora Núñez López presentó una *Urgente Oposición a Urgente Solicitud Se Deje Sin Efecto Orden*.[10] En síntesis, arguyó que, debido a que transcurrieron seis (6) meses sin que presentara su posición en torno a la solicitud de ejecución de sentencia, el señor Tosado Alonso desaprovechó la oportunidad de levantar la defensa de prescripción. En consecuencia, el 17 de julio de 2025, el Tribunal de Primera Instancia declaró *Ha Lugar* la oposición de la señora Núñez López, y reiteró el dictamen emitido el 7 de julio de 2025, ordenando al señor Tosado Alonso el cumplimiento específico de la misma, so pena de desacato.[11]

Inconforme, el 5 de agosto de 2025, el peticionario presentó el recurso de epígrafe. En el mismo, señaló la comisión de los siguientes errores:

> ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA AL ORDENARLE EN REBELD[Í]A AL COPETICIONARIO DENNIS TOSADO ALONSO EL PAGO DE LA SUMA $24,000.00 A LA COPETICIONARIA RECURRIDA ANA MERCEDES N[Ú]ÑEZ L[Ó]PEZ SIN CELEBRACI[Ó]N DE VISTA EVIDENCIARIA Y DESATENDIENDO EL RECLAMO DE PRESCRIPCI[Ó]N DE PARTE DE LA DEUDA.
>
> ABUS[Ó] DE SU DISCRECI[Ó]N EL HONORABLE JUEZ JOEL AYALA MART[Í]NEZ AL PASAR POR ALTO LIVIANAMENTE LA ALEGACI[Ó]N DE PRESCRIPCI[Ó]N DE PARTE DE LA CUANT[Í]A RECLAMADA DE ALIMENTOS.

---

[10] *Íd.*, Entrada Núm. 11.
[11] *Íd.*, Entrada Núm. 13.

Transcurrido el término dispuesto en la Regla 37 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025), para que la señora Núñez López presentara su alegato en oposición al recurso de epígrafe, no compareció por lo que dimos por perfeccionado el recurso.

## II

### A. Certiorari

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez*, supra, pág. 847.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en

cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 42, págs. 59-60, 215 DPR ___ (2025). La referida Regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*, a saber:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y cuando se demuestre que éstos: (1) actuaron con

prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

En lo que respecta al caso de marras, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. Dado a eso, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). En consonancia con ello, nuestro más Alto Foro ha expresado en *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018), que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto".

## B. Anotación de Rebeldía

La anotación de rebeldía tiene como objetivo evitar que se utilice la dilación como estrategia de litigación. *González Pagán et*

*al. v. SLG Moret-Brunet*, 202 DPR 1062, 1069 (2019). Este mecanismo procesal recurre a la coacción contra una parte que, a pesar de que se le dio la oportunidad de refutar una reclamación, opta por no defenderse por pasividad o temeridad. *Ocasio v. Kelly Servs.*, 163 DPR 653, 671 (2005). Con ese propósito, la Regla 45.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1 indica en qué contextos se puede sancionar con la rebeldía:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.
>
> El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.
>
> *Íd.*, R. 45.1.

El foro adjudicador puede imponer la anotación de rebeldía cuando el demandante o querellado: (1) no comparece luego de haber sido debidamente emplazado; (2) no presenta una moción para defenderse, o (3) no presenta oportunamente su contestación a la demanda o querella. *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 824 (2023); *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 589 (2011). Igualmente, es meritoria la anotación cuando "una de las partes en el pleito ha incumplido con algún mandato del tribunal, lo que motiva a [e]ste a imponerle la rebeldía como sanción". *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 100 (2002).

No obstante, "esta facultad de sancionar no puede interpretarse como que se extiende a poder conceder un remedio al

cual no se ha demostrado, por la prueba o por las alegaciones, que se tiene derecho". *Rivera v. Insular Wire Products Corp.,* 140 DPR 912, 930 (1996). Asimismo, el adjudicador no puede conceder remedios automáticamente solo porque el caso está en rebeldía. *Martínez v. Inst. Cardiopulmonar,* 213 DPR 221, 229 (2023); *Mitsubishi Motor Sales v. Lunor y otros,* supra, pág. 826, citando a *Continental Ins. Co. v. Isleta Marina,* 106 DPR 809, 816-817 (1978); *Álamo v. Supermercado Grande, Inc.,* supra, pág. 102. A tenor con lo anterior, nuestro Máximo Foro ha establecido que para que un tribunal pueda cumplir su función adjudicativa en un juicio en rebeldía, "el proceso de formar consciencia judicial exige la comprobación de cualquier aseveración mediante prueba". *Mitsubishi Motor Sales v. Lunor y otros,* supra, pág. 826, citando a *Continental Ins. Co. v. Isleta Marina,* supra, págs. 816-817; *Álamo v. Supermercado Grande, Inc.,* pág. 101, citando a *Hernández v. Espinosa,* 145 DPR 248, 272 (1998). Para ello, el tribunal deberá celebrar las vistas que entienda necesarias y adecuadas. *Mitsubishi Motor Sales v. Lunor y otros,* supra, pág. 826.

Por tanto, la anotación de rebeldía no exime al tribunal de evaluar si existe o no una causa de acción que amerite la concesión de un remedio. *Álamo v. Supermercado Grande, Inc.,* supra, pág. 102. Igualmente, cabe señalar que, independiente de que se le haya anotado la rebeldía a una parte, esta tiene derecho a conocer de los señalamientos, asistir a la vista, contrainterrogar los testigos de la otra parte, impugnar la cuantía y apelar la sentencia que en su día se emita. *Martínez v. Inst. Cardiopulmonar,* supra, pág. 229; *Continental Ins. Co. v. Isleta Marina,* supra, pág. 817.

La anotación de rebeldía debe ser justa. De lo contrario, se puede constituir un abuso de discreción. *Rivera Figueroa v. Joe's European Shop,* supra, pág. 590. Por esto, "[p]ese a que la rebeldía constituye un mecanismo procesal discrecional, [e]sta no se

sostendrá ante el ejercicio burdo o injusto" de su facultad. *Íd.* Por ello, nuestro Tribunal Supremo ha dispuesto que la Regla 45 de Procedimiento Civil, *supra*, debe interpretarse de forma liberal, resolviendo cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 592.

Por otro lado, "la tendencia jurisprudencial ha sido la de imponer sanciones económicas, en primera instancia, contra aquella parte que observa una conducta censurable bajo nuestro ordenamiento civil procesal". *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1052 (1993). Ello, responde a la política judicial imperante que invita a que los casos se ventilen en sus méritos, así como que estos se resuelvan de forma justa, rápida y económica. *Íd.* Asimismo, se ha reconocido que los tribunales ostentan un poder inherente para imponer sanciones, el cual les concede una flexibilidad para escoger la medida coercitiva adecuada, así como de ajustar la misma a los hechos, a la causa de acción, y al propósito que se persigue. *Mitsubishi Motor Sales v. Lunor*, supra, pág. 818.

A tales efectos, la Regla 44.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.2, dispone, en lo pertinente, lo siguiente:

> El tribunal podrá imponer costas interlocutorias a las partes y sanciones económicas en todo caso y en cualquier etapa a una parte o a su representante legal por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia. [...]

Así, pues, el foro adjudicador, en el ejercicio de su sana discreción, podrá imponer sanciones económicas en cualquier etapa del pleito "cuando la conducta de las partes vaya en perjuicio de la eficiente administración de la justicia". *Lluch v. España Service Sta.*, 117 DPR 729, 749 (1986). Si es necesaria la imposición de sanciones, en primer lugar, esta debe ser impuesta al abogado de la parte. *Mun. de Arecibo v. Almac. Yakima,* 154 DPR 217, 222-223

(2001); *Amaro González v. First Fed. Savs*, supra, pág. 1051, citando a *Maldonado v. Srio. de Rec. Naturales*, 113 D.P.R. 494, 498 (1982). De no ser corregida la situación, entonces procederá la imposición de sanciones más severas, pero solo después de que la parte haya sido debidamente informada de la situación y las consecuencias de continuar con el incumplimiento. *Amaro González v. First Fed. Savs*, supra, pág. 1051.

Conforme a lo anterior, nuestro ordenamiento jurídico promueve la imposición de sanciones severas solo en casos extremos, donde no exista duda alguna de que la parte haya actuado de manera irresponsable o contumaz, al igual que se observe un claro desinterés y abandono de esta en el caso. *Amaro González v. First Fed. Savs*, supra, págs. 1051-1052, citando a *Arce v. Club Gallístico de San Juan*, 105 DPR 305, 307 (1976), y a *Acevedo v. Compañía Telefónica de P.R.*, 102 DPR 787, 791 (1974).

**III**

En el recurso de epígrafe, el peticionario nos planteó dos (2) señalamientos de error, los cuales procedemos a discutir en conjunto por estar relacionados entre sí. En esencia, el señor Tosado Alonso alegó que el Tribunal de Primera Instancia incidió al anotarle la rebeldía y ordenarle el pago de veinticuatro mil dólares ($24,000.00) por concepto de las pensiones adeudadas. Sostuvo que, al proceder de esta forma, el Foro Primario desatendió su defensa de prescripción y, por consiguiente, abusó de su discreción. Tras examinar el expediente ante nos, así como el derecho aplicable, **revocamos** la *Resolución* recurrida.

En el caso ante nos, surge que la señora Núñez López presentó un reclamo de ejecución de sentencia, mediante el cual arguyó que el señor Tosado Alonso llevaba aproximadamente diez (10) años incumpliendo con lo pactado en la *Sentencia* del divorcio, por lo que

este debía satisfacer el pago de veinticuatro mil dólares ($24,000.00) por concepto de las pensiones no pagadas. En respuesta, el Foro *a quo* le concedió un término al peticionario para presentar su posición, y le ordenó el cumplimiento estricto con la *Sentencia,* cuya ejecución se solicita. Varios meses después, el peticionario compareció e informó que había contratado representación legal, la cual necesitaría tiempo para examinar la prueba pertinente y poder replicar a lo solicitado por la recurrida. No obstante, el Foro Primario le anotó la rebeldía al peticionario y ordenó, nuevamente, el pago de la cantidad reclamada por la recurrida.

Conforme a lo esbozado en el entendido doctrinal, una manera de sancionar a una parte que incumple con un mandato del tribunal es anotándole la rebeldía. Dicha anotación tiene el efecto de que se tomen por admitidas las materias bien alegadas. Sin embargo, ello no implica que el tribunal, de forma automática, confiera la petición hecha por la otra parte. El Foro Primario tiene el deber de auscultar la prueba presentada y, por consiguiente, evaluar si procede la concesión del remedio solicitado. De manera que, a pesar de que el Tribunal ostenta discreción para imponer esta sanción, no se sostendrá la anotación de rebeldía ante el ejercicio burdo o injusto de su facultad. *Rivera Figueroa v. Joe's European Shop,* supra, pág. 590. Por ello, el tribunal tendrá la responsabilidad de celebrar las vistas que entienda necesarias para evaluar la prueba pertinente y adjudicar la controversia entre las partes.

Asimismo, nuestro ordenamiento jurídico promueve que los casos se ventilen en sus méritos. En consecuencia, se ha favorecido el uso de medidas menos drásticas y progresivas ante el incumplimiento de una parte. A modo de ejemplificar, tanto la Regla 44.2 de Procedimiento Civil, *supra,* como la jurisprudencia interpretativa de la materia, exponen que, en primer lugar, el tribunal deberá imponer sanciones económicas a la representación

legal de la parte. De continuar el incumplimiento, este apercibirá a la propia parte de ello, así como de las consecuencias que conllevaría la omisión de cumplir con lo ordenado por dicho foro. En última instancia, procederá la imposición de medidas drásticas, en específico cuando sea clara la irresponsabilidad y desinterés de la parte en cuestión.

En el presente caso, ciertamente el peticionario no presentó su posición sobre el reclamo solicitado por la recurrida dentro del término ordenado por el Tribunal de Primera Instancia. Sin embargo, al comparecer, informó que había contratado representación legal y que necesitaría un tiempo para replicar. A pesar de ello, el Foro Primario le anotó la rebeldía y, sin haber celebrado una vista para considerar la prueba que sostuviera la alegada deuda, ordenó el cumplimiento estricto con el pago de los veinticuatro mil dólares ($24,000.00) reclamados por la señora Núñez López. Oportunamente, el peticionario solicitó la reconsideración y advirtió que podría tener una defensa de prescripción a su favor. No obstante, el Foro Primario denegó su petición.

Por tanto, es nuestra apreciación que, al actuar de esta forma, el Tribunal de Primera Instancia incurrió en abuso de discreción. Cónsono con el derecho aplicable, el Foro Primario debió haber impuesto medidas menos drásticas, así como que debió haberle advertido de las consecuencias de su incumplimiento, previo a anotarle la rebeldía al peticionario. Igualmente, independientemente de tal anotación, el Foro *a quo* tenía el deber de evaluar la prueba correspondiente para determinar si procedía conceder el remedio solicitado por la recurrida. Sin embargo, en ausencia de una vista evidenciaria, el Tribunal ordenó el cumplimiento estricto de la referida cantidad.

**IV**

Por los fundamentos esbozados anteriormente, **expedimos** el recurso de epígrafe, **revocamos** la *Resolución* recurrida, y **devolvemos** el caso al Foro de Instancia para la continuación los procedimientos, conforme a lo plasmado en esta *Sentencia.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones